DISCIPLINARY PROCEEDINGS

liPER CURIAM *
Respondent, Henry B. King, Jr., and his former law partner, were retained by Kelvin York (“York”) in January of 1990 to represent York’s father before the Louisiana Parole Board. Respondent claims he did not know either of them had been retained until May of 1990, after York had already paid the firm $3,370 in fees. At that time, respondent becarne aware that York was very unhappy with the fact that no work had been done on the case, and, although respondent believed York to be his law partner’s client, he represented to York that he would become involved in the case and then visited York’s father in jail. Respondent’s law partner did no other work on the case after May of 1990. At all times, York believed he had hired respondent, not his law partner. In fact, York testified he agreed to the fee at the initial consultation with respondent in January of 1990.
In September of 1990, respondent terminated the partnership and moved into a new law office. York came to respondent’s new office in September with two witnesses who were willing to testify on his father’s behalf. Respondent did no other work on the case. In November or December of 1990, York hired another attorney to represent his father. In February of 1991, respondent terminated his representation of York’s father by letter, without doing any substantive work on the .case, without providing an accounting to York and without returning the unearned portion of the fee. Respondent’s disciplinary record contains three ^private reprimands, two of which involve respondent’s failure to return client funds. Formal charges were filed against respondent, alleging that he faded to act with diligence and promptness, failed to properly inform his client, failed to account for the advanced fee and failed to refund the unearned fee. After formal charges were filed, respondent returned one-half of the unearned fee.
After a formal hearing, the hearing committee recommended that the charges be dismissed because disciplinary counsel failed to prove the charges by clear and convincing evidence. The disciplinary board recommended a six month suspension followed by a one year probationary period subject to certain conditions.
Upon review of the hearing committee and disciplinary board findings and recommendations, and considering the transcript, record, briefs and oral argument, this Court finds the evidence clear and convincing that re *903 spondent violated Rule 1.3 in that he failed to act with reasonable diligence and promptness in representing York from May 1990 until he terminated his representation of York in February 1991. Furthermore, this Court finds that respondent violated Rule 1.16(d) in that he failed to refund to York the amount of fees unearned by him upon termination of the representation. However, by way of mitigation, we recognize that the hearing committee found that the fee was actually received by respondent’s law partner.
Accordingly, and considering respondent’s prior disciplinary record, it is ordered that respondent be suspended from the practice of law for a period of six (6) months, with the sentence deferred for a one-year probationary period. Deferment of respondent’s suspension shall be subject to the following probation conditions: (1) that a probation monitor be appointed to assist respondent in the ^implementation of engagement and termination letters and the rendition of client accountings as well as the development and use of internal controls and systems for file and ease management, and that the probation monitor may require respondent to engage the services of a certified public accountant, at respondent’s expense, to ensure that all client funds are dispersed and protected in an orderly manner during the period of probation; (2) that respondent timely pay all bar dues and assessment fees, and comply with all registration and MCLE requirements; (3) that respondent cooperate with the Office of Disciplinary Counsel regarding the investigation of any complaint filed against him; and (4) that there shall be no violations of the Rules of Professional Conduct by respondent during the probationary period. All costs of these proceedings are assessed against respondent.
LEMMON, J., concurs and assigns reasons.
BLEICH, J., dissents.

 Watson, J., not on panel. Rule IV, Part 2, Section 3.